**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| MIRIAM E. BRIGGS - MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 3:09-cv-00193-slc |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART ASSOCIATES INC | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF WAL-MART'S MOTION**
**TO COMPEL PLAINTIFF TO RESPOND TO ROUTINE DISCOVERY REQUESTS**

Pursuant to Fed. R. Civ. P. 37, Defendant Wal-Mart Stores East, L.P., on behalf of itself and the improperly named Wal-Mart Associates, Inc. ("Wal-Mart"), by counsel, hereby submits the following Brief in Support of its Verified Motion to Compel.

## I.      Introduction.

Plaintiff's lawsuit against Wal-Mart alleges retaliation for participating in litigation activities against Wal-Mart in violation of the Title VII of the Civil Rights Act of 1964 as amended, 42. U.S.C. § 2000e et. seq. ("Title VII").  On August 26, 2009, Wal-Mart served Plantiff with its First Set of Interrogatories and Requests for Production, along with standard releases authorizing Wal-Mart to obtain Plaintiff's medical records and employment records from third parties.  Despite Wal-Mart's repeated requests, Plaintiff has failed to provide complete responses to Wal-Mart's discovery requests.  Having certified that it has conferred in good faith prior to seeking court action, Wal-Mart now respectfully requests that this Court order Plaintiff to fully respond to its reasonable discovery requests.

## II.    Relevant Facts.

**A.    Background.**

On August 26, 2009, Wal-Mart served its First Set of Interrogatories and Requests for Production on Plaintiff, *pro se*, making them due on or before September 28, 2009.  [Ex. 1].[1] Also on August 26, 2009, Wal-Mart sent Plaintiff a number of standard releases for her execution and return.  In the correspondence accompanying Wal-Mart's discovery requests and releases, counsel for Wal-Mart advised Plaintiff that her discovery responses were due within 30 days of service pursuant to the Federal Rules of Civil Procedure.  [Ex. 1].  To date, and despite retaining counsel over two months ago, Plaintiff has failed to adequately respond to Wal-Mart's discovery requests and has failed to execute all of the standard releases sent to her by Wal-Mart.

**B.    Plaintiff Files a Motion Requesting a 30-Day Extension of Time to Respond to Wal-Mart's Discovery Requests and Wal-Mart Does Not Object.**

Wal-Mart's First Set of Interrogatories and Requests for Production of Documents and proposed releases were served on August 26, 2009.   On September 22, 2009, counsel for Wal-Mart received an envelope in the mail with the return address of an attorney containing executed releases authorizing Wal-Mart to obtain Plaintiff's  unemployment, worker's compensation, medical, tax, Social Security Administration and military records.  Plaintiff did not, however, execute and return the releases for her educational records and her employment records that had been sent to her.

On September 23, 2009, Plaintiff filed a Motion for Extension of Time with the Court seeking a 30-day extension of time to respond to Wal-Mart's discovery requests.  [Dk. 15].  On September 29, 2009, counsel for Wal-Mart filed a Response to Plaintiff's Motion for Extension of Time notifying Plaintiff and the Court that Wal-Mart had no objection to Plaintiff's request

---

[1] A Preliminary Pretrial Conference was held on August 26, 2009.  Pursuant to the Court's July 27, 2009 Order, the parties were not allowed to begin discovery until after the pretrial conference.

for extension of time. [Dk. 16]. On September 30, 2009, the Court granted Plaintiff's Motion for Extension of Time and ordered Plaintiff to respond to Wal-Mart's discovery requests by October 22, 2009. [Dk. 17].

C.     **Plaintiff Files a Second Motion for a 30-Day Extension of Time to Respond to Wal-Mart's Discovery Requests, Which The Court Denies**.

On October 19, 2009, however, Plaintiff filed a Second Motion for Extension of Time with the Court seeking another 30-day extension of time to respond to Wal-Mart's discovery requests. [Dk. 19]. On October 27, 2009, Wal-Mart filed its Objection to Plaintiff's Second Motion for Extension of Time, explaining that it would be prejudiced by any further discovery extensions because of its need to complete discovery and prepare a motion for summary judgment and supporting brief prior to the Court's February 22, 2010 dispositive motions deadline and to prepare for the July 26, 2010 trial in this case. [Dk. 20]. On October 29, 2009, the Court denied Plaintiff's Second Motion for Extension of Time and ordered Plaintiff to serve her responses to Wal-Mart's discovery requests no later than November 6, 2009, noting "Plaintiff has had more than enough time to complete her responses." [Dk. 21].

D.     **Plaintiff Provides Deficient Discovery Responses and Wal-Mart Makes a Good Faith Attempt to Obtain Discovery Without Court Intervention.**

On November 6, 2009 -- the deadline for Plaintiff to provide complete responses to Wal-Mart's discovery requests -- Wal-Mart's counsel received correspondence from Attorney Carrie Vance of Community Justice Inc. indicating that she had recently been retained by Plaintiff as counsel in this matter. In the correspondence, Plaintiff's counsel acknowledged that Plaintiff was to serve responses to Wal-Mart's discovery requests that day and stated that she was working with Plaintiff to gather additional information in a timely fashion. Yet Plaintiff's counsel enclosed only partial answers to Wal-Mart's First Set of Interrogatories. These partial

answers were unverified and woefully deficient.  In addition, Plaintiff's counsel failed to provide *any* response to Wal-Mart's Requests for Production of Documents.  [Ex. 2].

On November 9, 2009, Wal-Mart's counsel sent correspondence to Plaintiff's counsel outlining a number of deficiencies in Plaintiff's answers to Wal-Mart's First Set of Interrogatories and requesting that Plaintiff supplement and verify her interrogatory answers and provide complete responses to Wal-Mart's First Set of Requests for Production no later than November 13, 2009.  [Ex. 3].  On November 13, 2009, Plaintiff's counsel sent correspondence to Wal-Mart's counsel stating that Plaintiff needed additional time to respond to Wal-Mart's discovery requests, that Plaintiff would send as many responses as Plaintiff had completed by November 20, 2009, and that Plaintiff would then provide an assessment of time needed to completely respond to discovery if her responses remained incomplete. [Ex. 4].

On November 20, 2009, Plaintiff's counsel sent electronic correspondence to Wal-Mart's counsel attaching supplemental answers to Wal-Mart's First Set of Interrogatories and stating that she was mailing out Plaintiff's response to Wal-Mart's Request for Production of Documents.  Again, the interrogatory answers were unverified and deficient.  [Ex. 5].  Moreover, counsel for Wal-Mart did not receive *any* responses to Wal-Mart's Requests for Production from Plaintiff *at any time thereafter.*

On December 7, 2009, Wal-Mart's counsel sent electronic correspondence to Plaintiff's counsel advising that Wal-Mart was in receipt of Plaintiff's November 20, 2009 answers to Defendant's First Set of Interrogatories, but that to date, Wal-Mart had not received Plaintiff's responses to Wal-Mart First Set of Requests for Production. [Ex. 6].  Wal-Mart's counsel asked Plaintiff's counsel for an update on the status of those responses and indicated that Wal-Mart's counsel would be sending correspondence to Plaintiff shortly regarding some continuing areas of

deficiency with respect to Plaintiff's answers to Wal-Mart's First Set of Interrogatories and additional releases for Plaintiff's execution in response to information Plaintiff provided in her supplemental answers.

On December 9, 2009, Wal-Mart's counsel sent follow up electronic correspondence to Plaintiff's counsel again attaching standard releases for Plaintiff's execution that would allow Wal-Mart to obtain Plaintiff's educational and employment records.  In addition, Wal-Mart's counsel attached another release for Plaintiff's Social Security Administration records.  Although Plaintiff originally provided Wal-Mart with an executed release for her Social Security records, the Social Security Administration advised counsel for Wal-Mart on approximately November 24, 2009 that it was unable to produce Plaintiff's records because Plaintiff had subsequently revoked the release.  Wal-Mart's counsel requested Plaintiff execute and return the releases no later than December 16, 2009.  [Ex. 7].  Defendant's counsel received electronic correspondence in response from Plaintiff's counsel apologizing for not sending Plaintiff's responses to Wal-Mart First Set of Production Requests and stating that Plaintiff's counsel was in a jury trial and forgot that the documents had not been sent out.  Plaintiff's counsel also indicated that she believed returning Plaintiff's executed releases by December 16, 2009, would not be a problem. [Ex. 8].

On December 14, 2009, Defendant's counsel sent correspondence to Plaintiff's counsel outlining a number of remaining deficiencies in Plaintiff's responses to Wal-Mart's discovery requests, including inadequate answers to Wal-Mart's First Set of Interrogatories and Plaintiff's failure to provide any responses to Wal-Mart's Requests for Production.  Wal-Mart's counsel requested Plaintiff fully supplement her responses no later than December 21, 2009, otherwise Wal-Mart would have no choice but to seek court intervention.  [Ex. 9].  As of the filing of this

Motion, Wal-Mart's counsel has not received any response from Plaintiff to Wal-Mart's First Set

of Requests for Production or Plaintiff's verified, supplemental answers to its First Set of

Interrogatories.    In addition, Wal-Mart's counsel has not received executed releases from

Plaintiff for her educational, employment, or Social Security Administration records. Indeed,

Wal-Mart's counsel has not received any communication from Plaintiff's counsel.

### III.    Discovery Standard.

Rule 26(b) (1) of the Federal Rules of Civil Procedure states in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is
> relevant to the subject matter involved in the pending action, whether it relates to
> the claim or defense of the party seeking discovery or to the claim or defense of
> any other party. . . . The information sought need not be admissible at the trial if
> the information sought appears reasonably calculated to lead to the discovery of
> the admissible evidence.

Fed. R. Civ. P. 26(b).  It is well-settled that Rule 26 permits a broad, liberal scope of discovery.

The party opposing discovery has the burden of showing that the requested discovery is

improper. *See United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994).  As supported by the

legal discussion set forth below and the attached exhibits, Plaintiff cannot meet this burden.

### IV.    Discussion.

**A.    Plaintiff Should Be Compelled to Fully and Completely Respond to Wal-Mart's Routine Discovery Requests.**

Plaintiff's failure to fully respond to Wal-Mart's discovery requests is in clear violation

of the Federal Rules of Civil Procedure.  Rules 33 and 34 of the Federal Rules of Civil Procedure

require that objections be stated with specificity and that responses be made to the extent that

there is no objection.  Despite these unambiguous requirements, Plaintiff has failed to adequately

respond to Wal-Mart's discovery requests.  Plaintiff has failed to set forth any reasonable

objections to Wal-Mart's discovery requests, and her answers to interrogatories are evasive and

incomplete at best.  Moreover, Plaintiff has completely failed to respond to Wal-Mart's First

Request for Production of Documents.  Pursuant to Fed. R. Civ. P. 37(a)(3), "an evasive or incomplete . . . answer, or response is to be treated as a failure to . . . answer, or respond."  There can be no question that Plaintiff has ignored her obligations under the discovery rules by failing to fully respond to Wal-Mart's interrogatories and failing to provide any response at all to Wal-Mart's requests for production of documents.  Thus, Wal-Mart is left with no choice but to seek redress under Rule 37 of the Federal Rules of Civil Procedure.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, "a party . . . may apply for an order compelling . . . discovery."  Granting a motion to compel discovery is within the sound discretion of the trial court.  *See Cmty. Savs. & Loan Ass'n v. Fed. Home Loan Bank Bd.,* 68 F.R.D. 378, 381 (E.D. Wis. 1975).  In ruling on motions to compel discovery, "courts have consistently adopted a liberal interpretation of the discovery rules." *Id.*  If the Court grants a motion to compel discovery, an award of reasonable fees and costs to the moving party is appropriate.  Fed. R. Civ. P. 37(a)(4) (stating that the court "shall…require the party…whose conduct necessitated the motion…to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees…"); *Wolf Appliance, Inc. v. Independent Sheet Metal, Inc.,* 2009 U.S. Dist. LEXIS 10790, at *5-6 (W.D. Wis. Feb. 12, 2009) (granting award of reasonable attorneys' fees incurred in drafting successful motion to compel).

Under Fed. R. Civ. P. 37(d) (1)(A), "The court where the action is pending may, on motion, order sanctions if:  . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(3) provides that, "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

With the applicable legal standard at hand, Wal-Mart respectfully requests that the Court issue an order compelling Plaintiff to fully respond to Wal-Mart's reasonable discovery requests and execute and return educational, employer and Social Security Administration releases and awarding Wal-Mart all other just and proper relief.

**B.     Plaintiff Should Be Compelled To Respond to Wal-Mart's Routine Requests for Production of Documents.**

In order to elicit basic information from Plaintiff concerning her claims in this lawsuit, Wal-Mart served Plaintiff with Defendant's Requests for Production of Documents on August 26, 2009.  More than four months later, and despite Wal-Mart's repeated requests, Plaintiff has completely failed to respond to Defendant's Requests for Production of Documents.  The Federal Rules of Civil Procedure require parties to respond to discovery requests fully and completely, supplying all information within their knowledge, information or control, including information available through their attorneys, agents or representatives, and any information obtainable through reasonable inquiry.  Thus, Plaintiff is required to take affirmative steps to acquire and provide responsive information.  Counsel for Wal-Mart repeatedly has requested that Plaintiff respond to Wal-Mart's First Requests for Production of Documents.  Wal-Mart respectfully requests the Court enter an order compelling Plaintiff to fully respond to Wal-Mart's First Set of Requests for Production and awarding Wal-Mart all other just and proper relief, including requiring Plaintiff to pay the reasonable expenses, including attorneys fees, caused by her failure to comply with her discovery obligations.

**C.    Plaintiff Should Be Compelled to Fully Respond to Discovery Concerning Basic Information Regarding Her Claims for Damages.**

On the issue of damages, Wal-Mart served Plaintiff with the following discovery requests to which Plaintiff should be compelled to fully respond:

**Interrogatory No. 5:**    Does Plaintiff claim that she suffered or incurred any physical, mental, emotional, or psychological injuries, conditions, disabilities, or symptoms as a result of her employment with Wal-Mart?  If so, for each physical, mental, emotional, or psychological injury, condition, disability, or symptom that Plaintiff contends was caused, exacerbated, or contributed to by her employment with Wal-Mart, please identify:

(a)    the nature of the injury, condition, disability, or symptom;

(b)    the incident, event, or action allegedly causing the injury, condition, disability, or symptom;

(c)    the name, street address, and telephone number for any doctor or medical provider with whom Plaintiff consulted or is currently consulting for the injury, condition, disability, or symptom, and the date(s) of such consultation; and

(d)    any diagnosis, prognosis, treatment, or medication Plaintiff has received as a result of the injury, condition, disability, or symptom.

**Plaintiff's Answer:**    Miriam reserves the right to continue her investigation into the issue of damages.  To date, she has been treated by several doctors at UW Health, including Dr. William Peterson and Dr. R. Compton Kurtz, Dr. Deborah Lathrop, Dr. Guadalupe Negron Zehel, Dr. William Davis, Dr. Karen Brungard, Mark Isaacson, DO, and Dr. Christopher Hildebrand.

Plaintiff seeks damages for alleged harm done to her as a result of Wal-Mart's alleged discriminatory practices.  [Pl. Comp.].  Thus, Wal-Mart is entitled to discover information regarding the nature of Plaintiff's alleged damages.  Plaintiff has provided the names of several doctors with whom she has treated.  However, although Plaintiff appears to be claiming that she suffered or incurred physical, mental, emotional, or psychological injuries, conditions, disabilities, or symptoms as a result of her employment with Wal-Mart and has since provided the names of various doctors with whom she has treated, she must directly respond to this Interrogatory and affirmatively state that she is claiming her employment with Wal-Mart caused her to suffer physical, mental, or emotional injuries.  Moreover, assuming Plaintiff is claiming that she suffered physical, mental, emotional, or psychological injuries as a result of her

employment with Wal-Mart as it appears, then she also has failed to provide a response regarding (1) the nature of her alleged injury, condition, disability, or symptom; (2) the incident, event, or action allegedly causing the injury, condition, disability, or symptom; (3) the street address and telephone number for any doctor or medical provider with whom she consulted or is currently consulting for the injury, condition, disability, or symptom; and (4) the date(s) of such consultation, and any diagnosis, prognosis, treatment, or medication she has received as a result of the injury, condition, disability, or symptom that she contends was caused, exacerbated, or contributed to by her employment with Wal-Mart.

In her November 9 and December 14, 2009 letters to Plaintiff, Wal-Mart's counsel asked Plaintiff to supplement this response and, to date, Plaintiff has not done so. Plaintiff should be compelled to provide a complete response to the information requested in this Interrogatory.

**Interrogatory No. 8:** Has Plaintiff ever been a patient of, consulted with, or been treated by any medical professionals, nurses, therapists, psychologists, psychiatrists, counselors, or other health care providers since the age of 18? If so, for each state:

(a)     the name, address, and telephone number; and
(b)     the approximate date and reason for the consultation, treatment, or visit.

**Plaintiff's Answer:** Plaintiff objects that [sic] this interrogatory in that it calls for privileged information which is confidential health provider/patient information, covers a period of time far beyond the scope of the facts in this case, and is overly burdensome on the plaintiff.

Because Plaintiff's has placed her medical condition at issue in this case by seeking damages related thereto she has waived any medical privilege. *Scheffler v. County of Dunn*, 2009 U.S. Dist. LEXIS 56481, at *2 (W.D. Wis. Sept. 29, 2009) (holding that failure to allow opposing party to obtain medical information likely results in dismissal of claims concerning emotional distress damages). Plaintiff is entitled to discover information regarding Plaintiff's medical history in order to evaluate Plaintiff's apparent claims of injury, disability, or symptoms caused, exacerbated, or contributed to by her employment with Wal-Mart.

In her November 9 and December 14, 2009 letters to Plaintiff, Wal-Mart's counsel asked Plaintiff to supplement this response and, to date, Plaintiff has not done so. Plaintiff should be compelled to provide a complete response to the information requested in this Interrogatory.

**Interrogatory No. 13:**  Please detail each and every item of damage, in the amount thereof, which Plaintiff contends she suffered as a result of any actions allegedly taken against her by Defendant. State separately the amount of damages claimed with respect to each specified type of damage and describe separately the method of computation for each type of damage. Identify any and all documents Plaintiff relies upon in providing the answer to this Interrogatory.

**Plaintiff's Answer:**  Answer or objection will be forthcoming.

Because Plaintiff is seeking damages in connection with this action, Wal-Mart is entitled to the discovery of information regarding the type, amount and method of computation of all damages claimed by Plaintiff and identification of any and all documents Plaintiff relies upon in providing the answer to this Interrogatory. In its November 9 and December 14, 2009 letters to Plaintiff, Wal-Mart's counsel asked Plaintiff to answer this Interrogatory. Yet Plaintiff has failed to provide a response. As such, Wal-Mart respectfully requests that the Court order Plaintiff to answer this Interrogatory.

**D.    Plaintiff Should be Compelled to Fully Respond to Discovery Concerning Attorney Fees.**

On the issue of attorney fees, Wal-Mart served Plaintiff with the follow discovery request to which Plaintiff should be compelled to fully respond:

**Interrogatory No. 17:**  Please identify any attorney Plaintiff contacted in connection with her employment by Defendant and/or her allegations in this case, and for each, state the date Plaintiff first contacted such attorney, the method of contact (e.g., phone or in person), the identity of all persons present, whether Plaintiff retained that attorney at any time, and the terms of any fee agreement.

**Plaintiff's Answer:**  Objection:  The question asks for information that is privileged under attorney-client confidentiality.

The information requested by this Interrogatory is not privileged. This Interrogatory does not seek the *substance* of any communications between legal counsel and Plaintiff; instead, it asks only whether, when, and how Plaintiff contacted any legal counsel in connection with this case and whether Plaintiff retained the attorney and the terms of any fee agreement. Because Plaintiff is seeking attorneys' fees and costs in connection with this action, Wal-Mart is entitled to the discovery of this information. The attorney-client privilege and/or work product doctrine do not apply to communications regarding fees or the number of dates/times that a client meets with attorneys. Courts routinely have held that these sorts of communications are not under the protection of privilege. *See e.g., In re Subpoenaed Grand Jury Witness v. United States,* 171 F.3d 511, 513 (7th Cir. 1999) ("information regarding a client's fees is not protected by the attorney-client privilege because the payment of fees is not a confidential communication between the attorney and client"); *United States v. Bertucci,* 1989 U.S. Dist. LEXIS 17475, at * 19 (E.D. Wis. Sept. 25, 1989) *citing In re Witness Before the Special March 1980 Grand Jury*, 729 F.2d 489, 491 (7th Cir. 1984) ("As a general rule, matters involving the receipt of fees from a client are not privileged as they do not involve confidential communications); *In re Word of Faith Fellowship*, Inc., 1996 Bankr. LEXIS 579, at *5 (N.D. Ill. May 14, 1996) (holding that information regarding fees and dates and times of meetings are not privileged).

In its November 9 and December 14, 2009 letters to Plaintiff, Wal-Mart's counsel asked Plaintiff to supplement this response and, to date, Plaintiff has not done so. Wal-Mart respectfully requests that this Court order Plaintiff to provide a complete response.

**E.    Plaintiff Should be Compelled to Provide a Privilege Log.**

Fed. R. Civ. P. 26(b)(5) requires that when a party withholds information on the basis of Rule 26(b)(3), it must describe the nature of the withheld documents in a manner that will enable

the other party to assess the applicability of the asserted privilege.  Wal-Mart served Plaintiff

with the following discovery request to which Plaintiff should be compelled to fully respond:

**Interrogatory No. 1:**  Identify each document that was responsive to Defendant's request for production of documents but that you have not produced.  With respect to each such document, give the following information:

(a)    the document request to which the document is responsive but not produced;
(b)    a description of the document, including the date, subject matter, person(s) mentioned in the document, person(s) involved with the creation of the document, and person(s) who received or have knowledge of the document's existence; and
(c)    the reason for nonproduction.

**Plaintiff's Answer:**  Identification of documents forthcoming.

In its November 9 and December 14, 2009 letters to Plaintiff, Wal-Mart's counsel asked

Plaintiff to supplement this response and, to date, Plaintiff has not done so.  Thus, the Court

should order Plaintiff to provide a complete response.

F.    **Plaintiff Should Be Compelled To Execute Standard Releases for her Medical and Employment Records.**

On the issue of damages, Wal-Mart served Plaintiff with educational, employer and

Social Security Administration releases, which Plaintiff has failed  to execute and return.  The

releases seek relevant and discoverable information.  Plaintiff, therefore, should be compelled to

execute these releases.

Plaintiff initially returned an executed release for the Social Security Administration.

However, upon attempting to obtain copies of Plaintiff's Social Security Administration records,

Wal-Mart's counsel was advised by the Social Security Administration that Plaintiff had revoked

the release.  Because Plaintiff has placed her medical condition at issue in this case by seeking

damages related thereto, she has waived any medical privilege.  *See Scheffler v. County of Dunn*,

2009 U.S. Dist. LEXIS 56481, at *2 (W.D. Wis. Sept. 29, 2009) (holding that failure by plaintiff

to allow opposing party to obtain medical information likely results in dismissal of claims

concerning emotional distress damages).  Plaintiff is entitled to discover information regarding Plaintiff's medical history in order to evaluate Plaintiff's claims of injury, disability, or symptoms caused, exacerbated, or contributed to by her employment with Wal-Mart and to evaluate Plaintiff's current ability to work.  Thus, Plaintiff should be compelled to execute and return the Social Security Administration release.

In addition, Plaintiff should be compelled to execute and return educational and employer releases so that Wal-Mart may obtain information relevant to Plaintiff's qualifications for employment and mitigation of damages.  Indeed, Plaintiff has provided information in response to Wal-Mart's interrogatories regarding the educational institutions Plaintiff has attended and Plaintiff's former and subsequent employers without objection.  Moreover, information obtained from these releases also is relevant to the issue of whether there is after-acquired evidence that would limit Plaintiff's request for damages of backpay, front pay, and reinstatement in this case.

Wal-Mart's counsel has requested that Plaintiff provide these executed releases in correspondence dated November 9 and December 9, 2009.  Wal-Mart respectfully requests that the Court order Plaintiff to execute and return the releases propounded by Wal-Mart.

### V.      Conclusion.

Plaintiff's failure to fully respond to Wal-Mart's discovery requests has unnecessarily delayed the proceedings in this matter and prejudiced Wal-Mart.  The above information sought from Plaintiff is necessary for Wal-Mart to be able to fully analyze and defend this claim.  Indeed, scheduling of Plaintiff's deposition has been delayed as a result of Plaintiff's failure to fully and timely respond to Wal-Mart's discovery requests.  Wal-Mart cannot complete the appropriate preparations for the deposition, including any necessary non-party discovery, until it receives Plaintiff's full discovery responses and releases.

Despite Wal-Mart's repeated attempts to gather sufficient discovery from Plaintiff, she has repeatedly refused to comply with the Federal Rules.  If Plaintiff is permitted to continue along this course, Wal-Mart will be unfairly prejudiced at summary judgment (and, if summary judgment is denied, at trial).  Wal-Mart respectfully requests that the Court issue an order compelling Plaintiff to fully respond to its reasonable discovery requests and execute and return education, employer and Social Security Administration releases.  Wal-Mart requests that the Plaintiff be ordered to comply within five days so that counsel for Wal-Mart can schedule Plaintiff's deposition and complete non-party discovery.  Wal-Mart further requests that the Court award it all other just and proper relief under Fed. R. Civ. P. 37, including its attorneys' fees and costs incurred as a result of Plaintiff's failure to comply with her discovery obligations.

Respectfully submitted,

*s/Katherine Stotler Bayt*
Susan M. Zoeller
susan.zoeller@btlaw.com
Katherine Stotler Bayt
katie.bayt@btlaw.com
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN  46204
Telephone:    317-236-1313
Facsimile:    317-231-7433
Attorneys for Defendant
Wal-Mart Stores East, LP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of January, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Carrie Vance – carrie@communityjustice.org

*s/Katherine Stotler Bayt*_____
Katherine Stotler Bayt

INDS02 JSH 1088075v1

- 16 -